**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 96.]**

IN RE APPLICATION OF CALIM.

**[Cite as *In re Application of Claim*, 1998-Ohio-260.]**

*Attorneys at law—Application to take Ohio Bar Examination disapproved— Applicant permitted to reapply, when.*

(No. 98-51—Submitted March 4, 1998—Decided June 10, 1998.)

ON REPORT of the Board Commissioners on Character and Fitness of the Supreme Court, No. 119.

_____

{¶ 1} On February 19, 1965, Aman J. Calim ("applicant") of Russells Point, Ohio, applied for registration as a candidate for admission to the practice of law, and on May 20, 1965, he filed an application to take the July 1965 Ohio bar examination. Applicant did not pass this examination. Applicant also applied for and failed the March 1966 examination.

{¶ 2} On October 28, 1993, applicant filed a re-examination application to take the February 1994 examination. On December 15, 1993, the Admissions Office advised applicant that the Board of Commissioners on Character and Fitness of the Supreme Court ("board") had requested that he complete an Applicant's Character Questionnaire as if he were applying for admission for the first time. The questionnaire was filed with the Admissions Office on January 13, 1994, and was sent to the National Conference of Bar Examiners for an investigation and report. Applicant did not receive timely character and fitness approval, and he therefore was not permitted to take the February 1994 examination. Applicant filed a re-examination application to take the July 1994 examination.

{¶ 3} After conducting its investigation of applicant, the Auglaize County Bar Association Admissions Committee filed its report with the Admissions Office on July 1, 1994, recommending that applicant be disapproved for admission.

Applicant appealed this recommendation to the board. On April 12, 1995, a hearing was held by a panel of the board. After the hearing, the panel chair requested applicant to provide additional documents to the panel. On October 24, 1997, the panel submitted its report to the board.

{¶ 4} The panel found that the information provided by applicant in his application was incomplete with respect to his employment history, his financial history, and the status of his back child support. The panel found that applicant disclosed neither a business consulting position nor a real estate sales position that he had held. In addition, applicant had at least one judgment taken against him, which he did not list and about which his testimony was unclear. Applicant also did not list a business that he had owned and, according to the purchaser of the business, applicant sold him tools and inventory that were owned by third parties. Finally, applicant reported that a child support action against him had been dismissed, when actually the court had entered an order requiring him to pay an amount certain. Applicant's excuse for these omissions was that his present wife prepared his application and may have left things out.

{¶ 5} The panel concluded that applicant did not demonstrate by clear and convincing evidence that he had the requisite character and fitness to be admitted to the practice of law and recommended that his application be disapproved. The panel further recommended that applicant be permitted to reapply for admission to the practice of law in Ohio by submitting a new application that contained complete, up-to-date information on all matters raised by the local admissions committee as well as any new matter that may have arisen after the hearing. The board adopted the panel report and recommendation.

––––––––––––––––––

*Aman J. Calim, pro se.*

*Benjamin F. Yale,* for the Auglaize County Bar Association.

––––––––––––––––––

*Per Curiam*.

{¶ 6} We adopt the findings, conclusion, and recommendation of the board. Applicant's current application for admission to the bar is disapproved. Applicant is permitted to reapply for admission to the practice of law in Ohio by submitting a new application that contains complete, up-to-date information on all matters raised by the local admissions committee as well as any new matter that may have arisen after the hearing.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

_____

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 7} I agree with the majority in disapproving the application for admission, but I would not allow the applicant to reapply. Applicant's long history of problems demonstrates a basic character flaw and a lack of high standards of integrity and honesty. He has demonstrated that he is not qualified to reach the high ethical standards demanded of our bar. Therefore, I dissent from the majority's decision to allow him to reapply.

_____